**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE ANDREW VALENCIA-HERNANDEZ,<br><br>          Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>          Respondent. | No. 20-71525<br><br>Agency No. A208-539-076<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 16, 2022[**]
Pasadena, California

Before: WARDLAW and W. FLETCHER, Circuit Judges, and KORMAN,[***] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

Jose Valencia-Hernandez, a native and citizen of El Salvador, seeks review of a decision from the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") denial of his requests for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the factual findings underlying the BIA's denial of relief. *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022). We deny the petition.

1. Substantial evidence supports the agency's denial of asylum and withholding of removal. To qualify for asylum and withholding, a petitioner must show that "it is more likely than not that he or she would be persecuted on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 C.F.R. § 1208.16(b)(2). A petitioner seeking asylum based on membership in a particular social group "must show that the proposed social group is '(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question.' " *Conde Quevedo v. Barr*, 947 F.3d 1238, 1242 (9th Cir. 2020) (quoting *In re M-E-V-G-*, 26 I & N Dec. 227, 237 (B.I.A. 2014)). To prevail on a withholding of removal claim, an individual must show a "clear probability" of persecution on account of a protected ground. *Tamang v. Holder*, 598 F.3d 1083, 1091 (9th Cir.

2

2010). We review the IJ's decision because the BIA adopted and affirmed the decision of the IJ. *See Matter of Burbano*, 20 I & N Dec. 872, 874 (B.I.A. 1994).

2. Substantial evidence supports the IJ's finding that there was no nexus between Valencia-Hernandez's future or past persecution and his membership in a legally cognizable particular social group. Valencia-Hernandez previously suffered two attacks from gang members. The evidence supports the IJ's conclusion that Valencia-Hernandez was targeted because the gangs wished to rob his family and were angry that he resisted and refused to help the gang. Valencia-Hernandez's claims for asylum and withholding of removal therefore fail. *See Barrios v. Holder*, 581 F.3d 849, 854 (9th Cir. 2009) ("[R]esistance to gang membership is not a protected ground."), abrogated on other grounds by *Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1093 (9th Cir. 2013) (en banc); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment motivated by theft or random violence by gang members bears no nexus to a protected ground.").

3. Substantial evidence also supports the IJ's denial of CAT relief. Valencia-Hernandez has not shown that it is "more likely than not" that, if removed, he would be tortured and the government of El Salvador would acquiesce in his torture. *Zhang v. Ashcroft*, 388 F.3d 713, 721 (9th Cir. 2004).

3

**PETITION DENIED.**